EDWARDS, Judge,
concurring.
I do not agree with the majority’s statement that “[t]he location and design of the LP & L pole was not a cause in fact of Hart’s injuries.” Mr. Hart could hardly have crashed into the pole had it not been there. I also disagree with Armand v. Louisiana Power & Light Company, 482 So.2d 802 (La.App. 4th Cir.1976), cited by the majority. I agree with the dissenters in Armand that the majority there confused the cause-in-fact analysis with the proximate cause or duty/risk analysis and then confused the entire issue of negligence with strict liability. The majority in the instant case has made similar errors.
The majority begins by discussing negligence and strict liability. It talks about LP & L’s duty, and seems to be moving toward the conclusion that LP & L was neither negligent nor strictly liable. Yet the majority stops short of such a conclusion and jumps instead to the subject of cause-in-fact. If it is true, as the majority states, that the sole cause-in-fact of this accident was plaintiff’s own negligence, then the majority’s discussion of negligence and strict liability, both of which deal with defendant’s duty, is pointless. It is elementary that a tort plaintiff cannot recover without proving that the defendant’s action or inaction was a cause-in-fact.
The location of the pole was clearly a cause-in-fact of the accident. To say that the pole was not a cause in fact is to say that plaintiff would have hit the pole even if it had not been there. Nevertheless, I do not believe that LP & L was negligent in its design and placement of the pole, or that LP & L is strictly liable. Therefore plaintiff cannot recover.
Accordingly, I respectfully concur.